Jody A. Landry, Bar No. 125743
jlandry@littler.com
Heidi Hegewald, Bar No. 326834
hhegewald@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.3577
Telephone: 619.232.0441
Fax No.: 619.232.4302

Attorneys for Defendants
DELUXE CORPORATION (erroneously named
DELUXE CORPORATION, INC.) AND
DELUXE SMALL BUSINESS SALES, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAVEL SAFANIEV, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>DELUXE CORPORATION, INC., a Minnesota corporation; DELUXE SMALL BUSINESS SALES, INC., a Minnesota Corporation; and DOES 1 through 50 inclusive,<br><br>    Defendants. | Case No.<br><br>[San Francisco County Superior Court Case No. CGC-21-591151]<br><br>**DEFENDANTS DELUXE CORPORATION AND DELUXE SMALL BUSINESS SALES, INC.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>Trial Date:        Not Set<br>Complaint Filed:   April 20, 2021 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Defendants DELUXE CORPORATION and DELUXE SMALL BUSINESS SALES, INC. ("Defendants") hereby remove the state court action described herein, filed in the Superior Court in the State of California for the County of San Francisco, Case No. CGC-21-591151, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. sections 1332(a), 1441, and 1446.

## I.   JURISDICTION AND VENUE ARE PROPER

1.     This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1) ("Section 1332") and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil action wherein the amount in controversy for the named Plaintiff exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States." As set forth below, this case meets all of Section 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

2.     The employment action was filed in the Superior Court of California for the County of San Francisco. Accordingly, venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 84(c), 1391, and 1446.

## II.   PLEADINGS, PROCESSES AND ORDERS

3.     On or about April 20, 2021, Plaintiff filed his Complaint in the Superior Court of the State of California for the County of San Francisco entitled *Pavel Safaniev, an individual, v. Deluxe Corporation Inc.., a Minnesota corporation; Deluxe Small Business Sales, Inc., a Minnesota corporation; and DOES 1 through 50 inclusive,* Case No. CGC-21-591151 (the "Complaint"). (See Exhibit ("Ex.") A; See also Declaration

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANTS' NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

2

of Heidi Hegewald ("Hegewald Decl."), ¶ 2.)

4.      The Complaint asserts the following causes of action: (1) discrimination on the basis of disability or perceived disability and failure to engage in the interactive process in violation of FEHA; failure to prevent discrimination and harassment; harassment on the basis of disability; (2) breach of express oral contract not to terminate employment without good cause; (3) breach of implied-in-fact contract not to terminate employment without good cause; (4) negligent hiring, supervision, and retention; (5) failure to provide leave in violation of the CFRA; (6) failure to prevent retaliation in violation of the CFRA; (7) wrongful termination; and (8) intentional infliction of emotional distress. The allegations of the Complaint are incorporated into this notice by reference without admitting the truth of any of them. Plaintiff asserts these eight causes of action against "All Defendants." (Ex. A, Complaint generally.)

5.      On August 31, 2021, Defendant Deluxe Corporation ("Deluxe Corporation") was served with the Complaint, along with copies of the Civil Case Cover Sheet and Summons, and Notice of Case Assignment through Deluxe Corporation's registered agent for service of process, CSC. (See Ex. A and B; See also Hegewald Decl., ¶ 3.)

6.      On August 31, 2021, Defendant Deluxe Small Business Sales, Inc. ("Deluxe Sales") was served with the Complaint, along with copies of the Civil Case Cover Sheet and Summons, and Notice of Case Assignment through Deluxe Sales' registered agent for service of process, CSC. (See Ex. A and C; See also Hegewald Decl., ¶ 4.)

7.      On September 20, 2021, Defendants filed an Answer to the Complaint in state court. (See Ex. D; See also Hegewald Decl., ¶ 5.)

8.      To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in the San Francisco County Superior Court or served by any party other than as described above. (Hegewald Decl., ¶ 6.)

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

DEFENDANTS' NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION          3
FROM STATE COURT

### III.   TIMELINESS OF REMOVAL

9.     This Notice of Removal is timely in that it has been filed within thirty (30) days of Defendants' first receipt of the Summons and Complaint, on or about August 31, 2021, and within one year of the filing of the Complaint on April 20, 2021. See 28 U.S.C. § 1446(b).

### IV.   COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFF AND ALL DEFENDANTS

10.    Section 1332(a) provides, in relevant part, as follows:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

> (1) citizens of different States[.]

11.    This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to Section 1332(a), and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

12.    Citizenship of a natural person is established by domicile. A person's domicile is established by physical presence and his or her intent to remain.

### A.   **Plaintiff is a Citizen of California**

13.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which she or he is domiciled). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Citizenship is determined at the time the lawsuit is filed. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001); *see also Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991). Furthermore, allegations of

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANTS' NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

4

residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). Plaintiff was at the time of the filing of this action a resident and citizen of the State of California. (Complaint, ¶ 5.) Accordingly, Plaintiff admits that he is a citizen of the State of California.

**B.   <u>None of the Defendants are Citizens of California</u>**

14.    For diversity purposes, a corporation is a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business refers to its nerve center or, in other words, the location where the corporation's high-level officers direct, control and coordinate the corporation's activities and, in practice, where the corporation maintains its headquarters. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-95 (2010); *see also Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is a citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed). Except in unusual circumstances, a corporation's corporate headquarters is in its "nerve center." *Id.*

**1.    Defendant Deluxe Corporation is a Citizen of Minnesota**

15.    Deluxe Corporation is, and was at the time this action was commenced, a corporation organized and formed under the laws of the State of Minnesota, with its principal place of business in Minneapolis, Minnesota. (See Declaration of Petra Ott ("Ott Decl."), ¶ 3.) Deluxe Corporation's headquarters, including its administrative and executive offices, are located in Minneapolis, Minnesota. (*Id.*) The majority of Deluxe Corporation's corporate functions are located in Minneapolis, Minnesota. (*Id.*) Deluxe Corporation's executive and administrative support functions that are important to its day-to-day operations are conducted in its Minneapolis, Minnesota location. (*Id.*) Additionally, the majority of Deluxe Corporation's management team and executives are located in Minneapolis, Minnesota. (*Id.*) Minneapolis, Minnesota is therefore

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANTS' NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

5

Deluxe Corporation's principal place of business.

16.    Plaintiff is a citizen of California, and Defendant Deluxe Corporation is a citizen of Minnesota. Accordingly, Deluxe Corporation is a citizen of a different State than that of Plaintiff.

### 2.    Defendant Deluxe Sales is a Citizen of Minnesota

17.    Deluxe Sales is, and was at the time this action was commenced, incorporated in the State of Minnesota, with its principal place of business in Minneapolis, Minnesota. (Ott Decl., ¶ 4.) Deluxe Sales' headquarters, including its administrative and executive offices, are located in Minneapolis, Minnesota. (*Id.*) The majority of Deluxe Sales' corporate functions are located in Minneapolis, Minnesota. (*Id.*) Deluxe Sales' executive and administrative support functions that are important to its day-to-day operations are conducted in its Minneapolis, Minnesota location. (*Id.*) Additionally, the majority of Deluxe Sales' management team and executives are located in Minneapolis, Minnesota. (*Id.*) Minneapolis, Minnesota is therefore Deluxe Sales' principal place of business.

18.    Plaintiff is a citizen of California and Defendant Deluxe Sales' is a citizen of Minnesota. Accordingly, Deluxe Sales is a citizen of a different State than that of Plaintiff.

### C.    Doe Defendants' Citizenship Must be Disregarded

19.    Defendants Does 1 through 50 are fictitious. The Complaint does not set forth the identity of or any allegations against these Defendants as individuals. Their citizenship should be disregarded for the purposes of determining diversity jurisdiction. 28 U.S.C. § 1441(a); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

/ / /

/ / /

/ / /

## V.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000[1]

20.    For purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). "[T]he amount in controversy is not limited to damages incurred prior to removal," such as "wages a plaintiff-employee would have earned before removal (as opposed to after removal)" but instead "encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.* 888 F. 3d. 413, 414-415 (9th Cir. 2018). Defendants need only to establish by a preponderance of evidence that Plaintiff's claims exceed the jurisdictional minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). By demonstrating that the actual amount in controversy placed at issue by Plaintiff exceeds the $75,000 threshold, Defendants do not concede the validity of Plaintiff's claims, the legal bases for the damages calculations, or the likelihood that Plaintiff will recover anything.

21.    The U.S. Supreme Court has affirmed that the notice of removal need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (Dec. 15, 2014) (*citing* 28 U.S.C. §1446(a)). Moreover, Defendants need not submit evidence to support their notice of removal. *Id.* at 553. Defendants need to only plausibly allege that the amount in controversy exceeds $75,000. *Id.* ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court"). However, even if an evidentiary showing were required, Defendants only need to show by a preponderance of the evidence that the amount-in-controversy requirement has

---

[1] The alleged damages calculations contained herein are for purposes of removal only. Defendants expressly deny that Plaintiff is entitled to any relief whatsoever, and Defendants expressly reserve the right to challenge Plaintiff's alleged damages in this case.

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

DEFENDANTS' NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION
FROM STATE COURT                7

been met. *Id.* at 554. Importantly, the Court instructed that there is no anti-removal presumption. *Ibid.* While the number and types of Plaintiff's claims clearly demonstrate that the amount in controversy is exceeded, out of an abundance of caution, Defendants provide greater detail, *infra*, that clearly establishes that the amount in controversy placed at issue by Plaintiff exceeds $75,000.

### A.   Plaintiff Seeks Well Over $75,000 in Economic Damages

22.     It can be reasonably ascertained from the pleadings and the prayer for relief that the amount in controversy does, in fact, exceed $75,000. Plaintiff seeks recovery of lost past and future income and employment benefits, and also claims to have sustained and continues to sustain substantial losses of earnings and other employment benefits. (Complaint, ¶ 20, 38, 48, 52, 56, 74, 88, Prayer ("Prayer.") ¶ 1.)

23.     Deluxe Sales employed Plaintiff from June 2013 through his separation, on May 3, 2019. (Ott Decl., ¶ 6.) At the time that Plaintiff's employment was terminated on May 3, 2019, Plaintiff earned a semi-monthly salary of $5,070.62. (*Id.*) This base compensation equals an annual income of $121,695. (*Id.*) Defendants anticipate a trial date in this matter in or around June 2022. Although Defendants deny Plaintiff is entitled to recover any damages, assuming, arguendo, if Plaintiff were to recover back wages from the time of his alleged termination in May 2019 (Complaint, ¶ 18), until he filed this lawsuit, his back pay for that one year would be over **$120,000**. If we look until the date of the trial, thus approximately three years, then the potential back pay would be approximately **$365,085**, based on Plaintiff's annual income at the time his employment was terminated.

### B.   Plaintiff Additionally Seeks Non-Economic Damages, Attorneys' Fees and Punitive Damages

24.     **Emotional Distress Damages**: In addition to economic damages, Plaintiff alleges he suffered emotional distress as a result of Defendants' alleged unlawful conduct. (Complaint ¶¶ 21, 39, 75, 81, 88, 89; Prayer ¶ 1.) An award of emotional distress damages alone can reasonably be anticipated to be far in excess of the

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANTS' NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION          8
FROM STATE COURT

jurisdictional minimum. *See Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002) (citing case in which an award for pain and suffering in an employment discrimination case totaled $3.5 million, and recognizing that "emotional distress damages in a successful employment discrimination case may be substantial").

25.   In order to establish the amount of emotional distress damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts. *See Rivera v. Costco Wholesale Corp*., 2008 U.S. Dist. LEXIS 58610, *10 (N.D. Cal. 2008) (*citing Simmons*, 209 F.Supp.2d at 1033); see *also Cain v. Hartford Life & Acc. Ins. Co*., 890 F.Supp.2d 1246, 1250 (C.D. Cal. 2012) ("Cain seeks to recover emotional distress from Hartford, which must be considered in this [amount in controversy] analysis."); *Richmond v. Allstate Ins. Co*., 897 F.Supp. 447, 450 (S.D. Cal. 1995) ("The vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial."); *see also Plata v. Target Corp.,* 2016 WL 6237798, *3 (C.D. Cal. 2016) (finding it possible that plaintiff could obtain $25,000 in emotional distress damages for a wrongful termination claim where plaintiff had $0 estimated economic losses). Emotional distress damage awards for FEHA discrimination cases are often well in excess of $75,000, standing alone. *See, e.g., Sullivan v. Save Mart Supermarkets, et al.,* 2017 Jury Verdicts LEXIS 12578 (Cal. Super. Ct. 2017) ($425,000 in emotional distress damages in a FEHA pregnancy discrimination suit with similar allegations to the instant case); *Massey v. City of Long Beach,* JVR No. 1509220063, 2015 WL 5578119 (Cal. Sup. Ct. 2015) (awarding $520,119 in damages for pain and suffering in FEHA discrimination case); *Gomez v. Magco Drilling* JVR No. 1510280054 (Cal. Sup. 2015); *Beasley v. E. Coast Foods, Inc.,* JVR No. 1509250073, 2015 WL 5678367 (Cal. Sup. Ct. 2015) (awarding $1,500,000 in compensatory damages for pain and suffering in FEHA race discrimination case); *Ko v. The Square Grp.,* JVR No. 1503030036, 2014 WL 8108413 (Cal. Sup. 2014) (awarding $125,000 for pain and suffering in a FEHA

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANTS' NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

9

disability discrimination case); *see also Simmons*, 209 F.Supp.2d at 1034 (collecting cases).

26.     In a suit with similar allegations as the present case, the plaintiff was awarded $50,000 for emotional distress damages. *Matyka v. Federal Express Corp.* 27 Trials Digest 3d 43, 1999 WL 1566772 (Cal. Sup. Ct. 1999). There, the plaintiff alleged violations under the CFRA and breach of implied contract when the plaintiff's employment was terminated for excessive absences. The plaintiff suffered from a health condition that required her to miss many days from work. The plaintiff claimed her termination was in retaliation and violation of the CFRA. The jury awarded her $50,000 in emotional distress damages. For purposes of evaluating the amount in controversy on Plaintiff's claims, and based on the foregoing jury verdicts, a conservative estimate of the emotional distress damages is at least **$50,000**.

27.     **Attorneys' Fees:** Plaintiff also seeks an award of attorneys' fees and costs pursuant to all applicable provisions of law. (Complaint, ¶¶ 40, 53; Prayer, ¶ 4.) "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Id.* at 1034 (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)); *Fritsch v. Swift Transp. Co. of Ariz., LLC,* 899 F.3d. 785, 788 (9th Cir. 2018) (the amount in controversy includes future attorneys' fees recoverable by statute); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding the amount in controversy issue, court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if he were to prevail). Attorneys' fees are recoverable as a matter of right to the prevailing party under FEHA. Cal. Gov't. Code § 12965. While Plaintiff's attorneys' fees cannot be calculated precisely, it is reasonable to assume that they could exceed a damages award. *See Simmons*, 209 F. Supp. 2d at 1035 ("The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages."); *Beaty v. BET*

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

DEFENDANTS' NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION
FROM STATE COURT                    10

*Holdings, Inc.*, 222 F.3d 607 (9th Cir. 2000) (recognizing that award of attorneys' fees of $376,520 may be appropriate in FEHA where compensatory damages were only $30,000, but remanding to district court to clarify whether court had properly exercised its discretion to consider reducing the fee award).

28.    Other California courts have upheld large attorneys' fees awards in FEHA cases. *See also Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (affirming award of attorneys' fees and costs of $891,042); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA age discrimination case where plaintiffs' damages awards were significantly less). As a result, Plaintiff's demand for attorneys' fees further increases the amount in controversy, which is already significantly above the required $75,000 threshold.

29.    **Punitive Damages:** Plaintiff also seeks punitive damages. (Complaint, ¶¶ 41, 61, 66, 76, 90; Prayer, ¶ 2.) The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mut. Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady*, 243 F.Supp.2d at 1009. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Prods.*, *Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). Additionally, employment discrimination cases have the potential for large punitive damages awards. *Simmons*, 209 F.Supp.2d at 1033; *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 719-720 (2009) (punitive damages award of $1,905,000). Punitive damages may be significant even when no compensatory damages are awarded. *Moore v. JMK Golf LLC,* 25 Trials Digest 16th 15, 2013 WL 3149228 (Cal. Sup. Ct. 2013) ($150,000 punitive damage award in a FEHA pregnancy discrimination leave case); *Torres v. BE Aerospace, Inc.,* JVR No. 1606300035, 2016 WL 3552983 (Cal. Sup. Ct. 2013) ($7,000,000 punitive damage award in FEHA gender discrimination suit). Although Defendants vigorously deny Plaintiff's allegations, if

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANTS' NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

11

Plaintiff were to prevail on his punitive damages claim, that claim alone could exceed the jurisdictional minimum.

30.     Plaintiff also seeks such open-ended relief as "such further relief that the Court may deem just and proper." (Complaint; Prayer, ¶ 6.) Although uncertain in amount, these additional damages claims only serve to increase the amount in controversy. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 551 (2014) ("When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so.").

31.     Based upon the pleadings, it does not appear to a "legal certainty that the claim is really for less than" the amount in controversy minimum. *Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001) (*quoting St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). Thus, Defendants have carried their burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter clearly exceeds the jurisdictional minimum of $75,000.

32.     **Summary of Amount In Controversy**

| Plaintiff's Claim | Amount in Controversy |
|---|---|
| Back Pay | **$120,000 to 365,085** |
| Emotional Distress | **$50,000.00** |
| **Total** | **$170,000 to 415,085 + attorneys' fees + punitive damages** |

33.     In sum, although Defendants do not concede Plaintiff's claims have any merit, when the relief sought by Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims more likely than not far exceeds the $75,000 jurisdiction requirement, without even considering attorneys' fees, interests, costs and claimed punitive damages. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. sections 1332(a)(1) and 1441(a).

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANTS' NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

12

## VI.   NOTICE OF REMOVAL TO PLAINTIFF AND STATE COURT

34.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, counsel for Defendants is serving written notice of the filing on Plaintiff's counsel of record. (Hegewald Decl., ¶ 7.) In addition, a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of San Francisco. (Hegewald Decl., ¶ 8.)

Because Defendants have demonstrated satisfaction of all diversity of citizenship requirements under Section 1332 and have and/or will provide proper notice of removal, Defendants hereby remove this action from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California.

Dated:   September 21, 2021

LITTLER MENDELSON, P.C.


*/s/ Heidi E. Hegewald*
Jody A. Landry
Heidi E. Hegewald
Attorneys for Defendants
DELUXE CORPORATION (erroneously named DELUXE CORPORATION, INC.) AND DELUXE SMALL BUSINESS SALES, INC.  and DELUXE SMALL BUSINESS SALES, INC.

4846-7786-4954.2 / 069962-1005